UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Criminal Productions, Inc., *Plaintiff,* v. BITTORRENT USERS: DOE – 173.68.8.239, DOE – 74.108.18.130, DOE – 96.246.241.117, and DOE – 98.116.215.163; *Defendants.* | CIVIL ACTION No.: 1: 16-cv-04360-NG-SMG |

### DECLARATION OF SPENCER J. WOLGANG IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

I, SPENCER J. WOLGANG, hereby declare as follows:

1. I am an associate with the law firm of Epstein Drangel LLP, located at 60 East 42nd Street, Suite 2520, New York, NY 10165. I am under the supervision in my role as an associate of attorneys Jason M. Drangel and Ashly E. Sands, attorneys for Plaintiff Criminal Productions, Inc. ("Criminal" or "Plaintiff") in this action, and I make and submit this declaration in connection with Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference against the following Defendants, known currently only by their respective Internet Protocol Addresses (singularly, "IP Address" and collectively, "IP Addresses"): Doe – 173.68.8.239, Doe – 74.108.18.130, Doe – 96.246.241.117, and Doe – 98.116.215.163 (singularly, "Defendant" and collectively, "Defendants").

2. I am over eighteen (18) years of age. I have never been convicted of a felony or of any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

3. On August 4, 2016, Plaintiff filed this action against the four (4) Defendants for federal copyright infringement ("Lawsuit" or "Action"). *Docket Entry No. 1*.

4. In connection with the Action, Plaintiff filed, as Exhibit A to Plaintiff's Complaint, a chart indicating the location, time, date, and Internet Service Provider ("ISP") of each individual Defendant, arranged by each Defendant's IP Address. *Docket Entry No. 1*.

5. In addition, Plaintiff filed a copy of the registration information as found on the United States Copyright Office website detailing its copyright for the film *Criminal* ("Motion Picture"), as Exhibit B to Plaintiff's Complaint. *Docket Entry No. 1*.

6. Prior to the filing of the Action by Plaintiff, I personally went through the data provided by Plaintiff's investigators, MaverickEye UG ("MaverickEye") and selected the Defendants based upon their distribution of Plaintiff's Motion Picture.

7. Included in the data provided by MaverickEye is information related to an individual IP Address. This data can be filtered by ISP, unique file hash relating to the Motion Picture, date, jurisdiction located within the State of New York, and number of instances wherein MaverickEye observed a Defendant making available an infringing copy of Plaintiff's Motion Picture.

8. Once I selected a unique file hash, I narrowed down the list of IP Addresses into detected downloads during a one (1) week period beginning July 24, 2016 and ending August 1, 2016 ("Infringement Period"), and selected Defendants based upon criteria including, but

not limited to: confirmed instances of MaverickEye observing Defendants making available Plaintiff's Motion Picture, hash identifier: A921EF0F3148C570CF63C243960CE82F69C10D21 ("Infringing Copy") to other users of BitTorrent, otherwise known as peer-to-peer file sharing, the period in which Defendants made the Infringing Copy available for distribution and download, the total number of files associated with each IP Address that have been observed as having been downloaded from BitTorrent, and the specific titles found in the number of files as having been observed as having been downloaded from BitTorrent.

9. The above-mentioned steps were taken by me to ensure that the BitTorrent users included as Defendants in this Action were highly likely to be unique individuals, high volume users of BitTorrent, and had in fact distributed the Infringing Copy of Plaintiff's Motion Picture during the Infringement Period.

10. After selecting the four (4) Defendants, I personally entered the IP Address associated with each Defendant into three (3) separate websites that contain a function for determining the location of an IP Address: www.iplocation.net, www.ipfingerprints.com, and www.ip-address.org ("IP Address Locators").

11. Each IP Address that I entered into the IP Address Locators was confirmed to be traced to the State of New York, specifically, upon information and belief, to the Eastern District. This establishes, to a reasonable degree of certainty, that Defendants' IP Addresses were assigned to individuals located within this judicial district.

12. After entering the Defendants' IP Addresses into the IP Locators, I read the General Verizon Online Terms of Service for FiOS or High Speed Internet Agreement provided to subscribers of the ISP associated with Defendants, Verizon FiOS ("Verizon"), as well

as the FiOS Privacy Policy for Verizon's FiOS Internet service, all located located on its website: www.verizon.com.

13. Subscribing to Verizon results in a subscriber being automatically assigned unique, pre-installed security measures and password(s) for access to Internet service. In addition to the pre-installed security and password(s) assigned to subscribers of Internet service through Verizon, subscribers are further directed to prevent third parties from gaining access to the subscriber's Internet service, and are cautioned by Verizon that the subscriber is responsible for conduct occurring through its Internet service. *see* Verizon Online Terms of Service, Section 4 "AUTHORIZED USER, ACCOUNT USE, AND RESPONSIBILITIES", Subsection 3 "Restrictions on Use", *available at* http://www.verizon.com/about/sites/default/files/Internet_ToS_07242016.pdf.

14. Verizon maintains information in the ordinary course of its business relating to subscriber information for each IP Address associated with a subscriber's Verizon FiOS Internet service. The subscriber information maintained by Verizon relating to a subscriber's IP Address is only maintained by Verizon for a limited period of time.

15. The information from Verizon that Plaintiff seeks is the minimum amount necessary by which to identify Defendants based upon the IP Addresses associated with Verizon's Internet service. Plaintiff seeks only the true name, address and email address of the subscriber associated with the IP Address at the time, date and location provided in Plaintiff's Exhibit A to its Complaint in order to serve process upon Defendants. This is information that can only be provided by Verizon.

16. Plaintiff endorses the issuance of a protective order by the Court in order to keep all information obtained from Verizon concerning the identity of the four (4) Defendants

confidential, to not share this identifying information with any individual not associated with this Lawsuit, and to only use the information as is necessary to proceed with the Lawsuit and serve process upon Defendants.

17. Based upon the information that is included in Exhibit A to the Complaint, Verizon is able to readily identify with particularity the true identity of the subscriber of each IP Address associated with the unauthorized downloading and distribution of the Infringing Copy of Plaintiff's Motion Picture, and in light of the information included within Plaintiff's Complaint and Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference, it is highly likely that the subscriber associated with each IP Address is in fact a Defendant in this Action.

I declare under the penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Executed on this 19th day of August, 2016 in New York, NY.

By: _____
Spencer J. Wolgang