```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CRIMINAL PRODUCTIONS, INC.,                        :
                                                   :
                              Plaintiff,           :     MEMORANDUM &
                                                   :     ORDER
            -against-                              :     16-CV-4360 (NG) (SMG)
                                                   :
BITTORRENT USERS: DOE – 173.68.8.239; DOE –        :
74.108.18.130; DOE – 96.246.241.117; and DOE –     :
98.116.215.163,                                    :
                                                   :
                              Defendants.          :
------------------------------------------------------------------- x
```

GOLD, STEVEN M., U.S.M.J.:

## INTRODUCTION

In August 2016, plaintiff Criminal Productions, Inc. ("Criminal Productions" or "Plaintiff") commenced this suit against defendants, BitTorrent Users: DOE – 173.68.8.239, DOE – 74.108.18.130, DOE – 96.246.241.117, and DOE – 98.116.215.163 ("BitTorrent Users" or "Defendants"), alleging copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). Complaint ("Compl."), Docket Entry 1. Criminal Productions is a film production company founded for the production and development of the motion picture, *Criminal*, which was released in the United States on April 15, 2016. Compl. ¶ 11. Criminal Productions alleges in its complaint that, without authorization, each of the Defendants used the BitTorrent protocol to "search for, reproduce and distribute an Infringing Copy" of Plaintiff's motion picture, *Criminal*, to the public, thereby "violating Plaintiff's exclusive rights protected by the Copyright Act." Compl. ¶ 25.

This matter comes before the Court upon motion by Plaintiff for leave to take discovery prior to a Rule 26(f) conference and, more specifically, to serve a Rule 45 subpoena against Verizon FiOS (the "ISP"), in order to ascertain "the subscriber and/or each Defendant's true

name associated with each Internet Protocol Address ("IP Address"), the complete service address for each IP Address, and the e-mail address relating to each IP Address, so that Plaintiff may ascertain the true identity of each Defendant." Compl. ¶ 39.

## DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) prohibits parties from conducting discovery before a Rule 26(f) conference except "when authorized by these rules, by stipulation, or by [Court] order." Before the Court grants such an order, the Plaintiff is required to show "good cause." *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)); *see also Malibu Media, LLC v. Doe*, 2015 WL 1780965, at *2 (S.D.N.Y. Apr. 10, 2015) (applying "the flexible standard of reasonableness and good cause," adopted in *Ayyash, supra*).

The Second Circuit considered a motion for early discovery similar to the one made here and a motion to quash by an anonymous defendant on First Amendment grounds in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010). The Circuit adopted the five factor test established in *Sony Music Entertainment Inc. v. Does 1-40*, which requires the Court to weigh "(1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy." *Arista Records, LLC*, 604 F.3d at 119 (*citing Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

Plaintiff has made a prima facie showing of actionable harm, and seeks only limited and specific discovery. Moreover, the facts presented here are analogous to those in other cases in

2

the Second Circuit where motions for leave to serve a Rule 45 subpoena against an ISP prior to a Rule 26(f) conference have been granted.  *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (finding good cause for expedited discovery where, *inter alia,* the plaintiff "appear[ed] to have no other way of obtaining the identities of the alleged infringers"); *Malibu Media, LLC v. Doe*, 2012 WL 3104887, at *2 (S.D.N.Y. July 31, 2012) ("follow[ing] the recent precedents set by other courts in [the Southern District of New York] in nearly identical circumstances" finding good cause where, *inter alia,* the "plaintiff ha[d] no reasonable means other than through the ISPs by which to identify the individuals allegedly involved" in the infringing conduct); *Sony Music Entm't*, 326 F. Supp. 2d at 566 ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiff['s] ability to pursue litigation, for without this information, plaintiff[ ] will be unable to serve process") ("defendants have little expectation of privacy in downloading . . . copyrighted [works] without permission") (citation omitted).

## CONCLUSION

For the forgoing reasons, Plaintiff's motion is granted, and Criminal Productions may promptly serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, and email address of the subscriber associated with each IP Address indicated in Exhibit A to Plaintiff's Complaint.  Any information disclosed by the ISP will be on an attorneys'-eyes-only basis and will not be disclosed to Criminal Productions, or its employees or agents, with the exception that disclosure may be made as required for the limited purpose of effecting service of process on defendants.  In a few past cases, Plaintiffs have been restricted from accessing Defendants' email addresses; however, it is this Court's experience that a person's last known address is not always genuine or current for service.  Therefore, in order for service by email address to be possible if it is the only way to serve the Defendants, the Court will allow the disclosure of Defendants' email addresses in this case.

     Plaintiff shall attach a copy of this Order to any subpoena.  Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint and only for the above-captioned action and for no future litigation against the same Defendants.

     The subpoena shall require the ISP to immediately notify subscribers of the IP addresses whose information is to be released so that the subscribers have an opportunity to file objections or motions to quash with the Court.  The Court also orders that the ISP forward the subpoenaed information to the Plaintiff by October 15, 2016.  If a motion to quash is filed before that date, the ISP shall preserve any subpoenaed information pending the resolution of the motion to quash.

                                                    SO ORDERED.

                                                    _____s/_____
                                                    STEVEN M. GOLD
                                                    United States Magistrate Judge

Brooklyn, New York
September 7, 2016

*U:\AMP 2016-2017\Criminal Productions v. Bittorrent Users\Criminal Productions M&O Final.docx*